# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIMBERLY JONES,
Individually and on behalf of all
Similarly Situated Employees

       Plaintiffs,

v.

SPAR INC.,

       Defendant.

Case No.
Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

---

Noah S. Hurwitz (P74063)
Colin H. Wilkin (P86243)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Colin@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

### COLLECTIVE AND CLASS ACTION
### COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff Kimberly Jones, individually and on behalf of all

similarly situated employees ("Plaintiffs"), by and through her attorneys,

HURWITZ LAW PLLC, hereby alleges as follows:

## INTRODUCTION

1.      Plaintiff Kimberly Jones brings this action to recover unpaid wages, unpaid overtime compensation, and other contractually owed compensation as a result of her necessary business travel that Defendant Spar Inc. failed to pay. Ms. Jones worked for Spar as a Team Lead Merchandiser from August 2022 through December 2025, traveling extensively to remodel and merchandise retail stores across multiple states. She began as a $15.00-per-hour employee, later earning $17.50 and then $20.00 per hour. On Spar's "national side," she routinely serviced between ten and twenty-eight stores per week, drove approximately 1,000 miles between store locations per week, and remained away from home for extended periods. Spar contractually agreed to pay Ms. Jones for her drive time, reimburse her mileage, and pay a daily per diem, but in practice failed to pay nearly all of those amounts. Because Spar combined her pay for different sides of the business into a single paycheck, Ms. Jones could not readily determine that her national-side compensation was missing. Once she discovered the underpayment, raised it with human resources, and submitted dates and locations for the work performed, Spar refused to make her whole. This case seeks relief for Spar's failure to pay all hours worked in violation of the Fair Labor Standards Act and for Spar's breach of its compensation agreement with Ms. Jones.

**PARTIES AND JURISDICTION**

2.     Plaintiff Kimberly Jones is an individual residing in Jackson, Hinds County, Mississippi.

3.     Defendant Spar Inc. is a Corporation that was headquartered in Auburn Hills, County of Oakland, Michigan during relevant times. Defendant Spar Inc. regularly conducts business within the Eastern District of Michigan.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings her claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

5.     This Court has supplemental jurisdiction over Plaintiff's state law Improved Workforce Opportunity Wage Act ("IWOWA") and breach of contract claim pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant regularly conducts business within this District.

**GENERAL ALLEGATIONS**

7.     At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. Plaintiff was employed as a non-exempt employee.

8.     Plaintiff was employed by Defendant as a "Team Lead Merchandiser" beginning in August 2022 and continuing until November 2025.

3

9.      Plaintiff's starting wage was $15.00 per hour, which increased to $17.50 per hour in March 2023 and later increased to $20.00 per hour.

10.     Throughout her employment, Plaintiff remodeled and merchandised retail stores, traveling extensively to store locations across Alabama and other states to perform this work.

13.     Plaintiff worked on two sides of Defendant's business: her own "go team," where she led a team to complete merchandising jobs, and the "national side," where she assisted after her team's work was finished.

14.     Plaintiff began working on the national side in approximately June or July 2023.

15.     In a typical week on the national side, Plaintiff serviced between ten and twenty-eight stores and drove roughly 1,000 miles between store locations, often remaining away from home for extended periods.

16.     Plaintiff generally worked between 60-80 hours per week.

17.     Pursuant to a signed contract with Defendant, Plaintiff was to be paid for her drive time, which is the hours she spent driving between destinations; reimbursed for her mileage to and from each store; and paid a per diem of $35.00 for each day she was away from home.

4

18. Plaintiff's pay for both sides of the business was combined into a single paycheck, so she was not readily able to determine whether she was being paid for her national-side work.

19. In practice, Defendant failed to pay Plaintiff for nearly all of her drive time, mileage, and per diem earned on the national side.

19. Plaintiff was unaware for a significant period of time that she was not being paid her mileage, per diem, or drive time until another district manager brought the issue to her attention.

20. When Plaintiff and her project manager reviewed her records, they discovered numerous stores she had serviced for which Defendant had recorded a zero-dollar charge, reflecting that she had not been paid for that work.

21. Some of the unpaid drive-time hours were overtime wages that were withheld from Plaintiff.

22. When Plaintiff raised the issue with Defendant's human resources department, she was told that her working hours had not been reported.

23. When Plaintiff escalated the matter, she was told that Defendant would only pay her back to October 2024, meaning that her work on the national side from approximately July 2023 through October 2024 went unpaid and unreimbursed.

24.     Plaintiff assembled a list of the dates and locations where she had worked and submitted it to Defendant's management, but Defendant took the position that it would not pay her and that the matter was not its problem.

25.     Defendant was placed on notice of its failure to pay Plaintiff for her hours worked and nonetheless refused to make her whole.

26.     Defendant's failure to compensate Plaintiff was willful.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA")**
**ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF**
**ALL SIMILARLY SITUATED EMPLOYEES**
**(COLLECTIVE ACTION)**

27.     Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

28.     Plaintiff and all collective class members are "employees" within the meaning of 29 U.S.C. § 203.

29.     At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203.

30.     At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

30.     The FLSA requires employers to pay employees for all hours worked. *See* 29 U.S.C. §§ 201, *et seq.*; 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

31.     Defendant was required to pay overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek pursuant to 29 U.S.C. § 207.

32.     Plaintiff and all collective class members were deprived of proper pay and overtime compensation.

33.     Defendant's conduct in this regard was knowing and willful.

34.     Plaintiff and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial.

35.     Plaintiff and all collective class members are entitled to unpaid wages, unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, and other remedies available at law or in equity.

36.     Time an employee spends traveling as part of her principal work activity, such as travel from job site to job site during the workday, must be counted as hours worked. 29 C.F.R. § 785.38. Travel that keeps an employee away from home overnight is worktime when it cuts across the employee's workday. 29 C.F.R. § 785.39.

37.     The Sixth Circuit has confirmed that "walking and travel remain compensable under the Act so long as they occur between two principal activities; that is, after the workday begins and before it ends," and has endorsed the Department of Labor's regulation providing that "[t]ime spent by an employee in

7

travel as part of his principal activity, such as travel from job site to job site during the work day, must be counted as hours worked." *Vance v. Amazon.com, Inc.*, 852 F.3d 601, 613-14 (6th Cir. 2017) (quoting 29 C.F.R. § 785.38).

38.     Plaintiff routinely drove roughly 1,000 miles each week between the stores she was assigned to service. That travel was part of her principal work activity and was compensable.

39.     In violation of the FLSA, Defendant failed to pay Plaintiff for all hours worked, including her compensable drive time on the national side of its business.

40.     Defendant has a policy and practice of failing and refusing to pay Plaintiff for all hours worked in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

41.     Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. § 216(b), which authorizes an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

42.     The FLSA's "similarly situated" standard is "less demanding than Rule 23's standard." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017).

43.     Upon information and belief, Defendant's practice of failing to pay for national-side work, drive time, mileage, and per diem extended to other employees who are similarly situated to Plaintiff.

44.     As a result of Defendant's unlawful acts, Plaintiff and other similarly situated employees were deprived of earned wages in amounts to be determined at

8

trial. Plaintiff is entitled to compensation for unpaid wages, unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

45.     The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all current or former employees who worked for Spar, Inc. who engaged in travel at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

46.     Plaintiff reserves the right to amend said collective action definition consistent with information obtained throughout the course of discovery.

**COUNT II**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL MICHIGAN EMPLOYEES**
**(UNPAID OVERTIME WAGES)**

47.     Plaintiff incorporates the allegations in the foregoing paragraphs.

48.     Plaintiff and all proposed class members are "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

49.     Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.*

50.     IWOWA requires employers to pay overtime at one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek

9

pursuant to MCL § 408.934a.

51. "An employer shall not pay any employee at a rate less than prescribed" pursuant to IWOWA. *Id.* § 408.933.

52. Defendant's conduct in this regard was knowing and willful.

53. Plaintiff and all other employees of Defendant were and are being deprived of earned wages in amounts to be determined at trial.

54. Plaintiff and all proposed class members are entitled to compensation for unpaid overtime wages, liquidated damages in an equal amount, interest, attorneys' fees and costs, civil penalties, and any other remedies available at law or in equity.

55. Plaintiff seeks to certify her claims under IWOWA as a class action under Fed. R. of Civ. P. 23.

56. The proposed class is defined as "all current or former employees who worked for Spar, Inc. who engaged in travel at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

57. Plaintiff reserves the right to amend said class definition consistent with information that will be obtained through the course of discovery.

## COUNT III
## BREACH OF CONTRACT

58. Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

10

59.     Plaintiff and Defendant entered into a valid and enforceable contract concerning Plaintiff's compensation.

60.     Pursuant to that signed contract, Defendant was required to pay Plaintiff for her drive time, to reimburse Plaintiff for her mileage to and from each store, and to pay Plaintiff a per diem of $35.00 for each day she was away from home.

61.     Plaintiff performed her obligations under the contract by traveling to and servicing the store locations she was assigned.

62.     Defendant breached the contract by failing to pay Plaintiff for her drive time, failing to reimburse Plaintiff for her mileage, and failing to pay Plaintiff her per diem.

63.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial, including her unpaid drive time, mileage, and per diem, together with interest, costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims as follows:

a.      Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.      Designation of this action as a class action pursuant to Rule 23 for the Improved Workforce Opportunity Wage Act ("IWOWA") claims and prompt issuance of class notice;

c.      An award of unpaid wages for all hours worked, including compensable drive time, under federal and state law;

d.      An award of unpaid overtime wages under federal and state law;

e.      An award of liquidated damages under federal and state law;

f.      Exemplary and punitive damages;

g.      An award of damages for breach of contract, including unpaid drive time, mileage, and per diem;

h.      Pre and Post-Judgement Interest;

i.      Attorneys' fees and costs under the FLSA; and

j.      Such other relief as in law or equity may pertain.

Respectfully Submitted,
HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Dated: August 11, 2026        noah@hurwitzlaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIMBERLY JONES,
Individually and on behalf of all
Similarly Situated Employees

Case No.
Hon.

       Plaintiffs,


v.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**


SPAR INC.,

       Defendant.

---

Noah S. Hurwitz (P74063)
Colin H. Wilkin (P86243)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Colin@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Kimberly Jones, individually and on behalf of all similarly situated employees, by and through her attorneys, HURWITZ LAW PLLC, hereby demands a jury trial in the above-captioned matter for all issues so triable.

HURWITZ LAW PLLC

13

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
noah@hurwitzlaw.com

Dated: August 11, 2026

14